# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**STEVEN SCOTT KENNEDY**                                                     **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:08cv445JMR**

**SHERIFF DAVID ALLISON**
**and RUSSELL MILLER**                                                  **DEFENDANTS**

## MEMORANDUM OPINION:

This matter comes before the Court pursuant to a Motion [49-1] to Dismiss filed on behalf of the Defendants, due to the failure of Plaintiff, Steven Scott Kennedy, to comply with this Court's previous Orders and respond to discovery requests. To date, Plaintiff has not filed a response in opposition. After carefully considering the record of the proceedings, along with the applicable law, the Court finds that the Defendants' Motion [49-1] to Dismiss is well taken and should be granted.

Plaintiff filed this *pro se* § 1983 action on August 25, 2008. Defendants' first set of Interrogatories and Requests for Production of Documents were propounded to Plaintiff on November 11, 2008. (*See* Notices [12-1, 13-1] of Service.) After no response, Defendants filed a Motion [20-1] to Compel on December 22, 2008. At an Omnibus hearing held on January 26, 2009, the Court granted Defendants Motion to Compel and ordered the Plaintiff to respond to discovery requests by February 15, 2009. The Court, again, expounded this ruling in a "TEXT ORDER ONLY" entered on January 26, 2009. Additionally, both Plaintiff and the Defendants consented to trial by Magistrate, and an Order [24-1] Reassigning Case was entered. Plaintiff failed to respond to Defendants Interrogatories and Requests for Production by February 15, 2009. Defendants re-served Plaintiff with their Interrogatories and Requests for Production of Documents on May 21,

2009. (*See* Certificate [41-1] of Re-Service.) After no response from Plaintiff, on July 1, 2009, Defendants filed a Motion [42-1] to Compel the Plaintiff to respond to the propounded discovery requests. This Court granted the motion and on July 20, 2009, ordered the Plaintiff to comply with the Defendants' requests for production and provide answers to the propounded interrogatories. (*See* Order [43-1].) The Court gave the Plaintiff until August 15, 2009, to comply with the Order [43-1] and warned the Plaintiff that failure to comply with the Order in a timely manner may result in sanctions, including dismissal of this action. Defendants, on September 2, 2009, filed the present Motion [49-1] to Dismiss for lack of prosecution, noting that Plaintiff has not responded to their interrogatories or requests for production of documents.

Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of the federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit);*Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Where a plaintiff has failed to comply with several court orders or court rules, the Fifth Circuit has held that the district court did not abuse its discretion in involuntarily dismissing the

plaintiff's suit with prejudice. *See, e.g.*, *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986)(clear record of delay or contumacious conduct where counsel failed to file pretrial order, failed to appear at a pretrial conference, and failed for almost a year to certify that he would comply with the district court's order). The Fifth Circuit has also noted that most courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

Plaintiff's failure to comply with this Court's orders has caused considerable delay and necessitated the rescheduling of Plaintiff's trial date, twice. As of September 9, 2009, the Plaintiff has failed to respond to Defendants' first set of Interrogatories and Requests for Production of Documents that were first served on November 11, 2008, and again on May 21, 2009. (*See* Notices [12-1, 13-1, 41-1] Service.) Furthermore, Plaintiff has failed to comply with this Court's instructions at the Omnibus Hearing held on January 26, 2009, to respond to the interrogatories and requests for production or this Court's Order [43-1] entered on July 20, 2009, requiring the same.

For the last ten (10) months, Plaintiff has refused to respond to the Defendants interrogatories and requests for production. Plaintiff has also refused to comply with two orders from this Court compelling Plaintiff to respond to Defendants propounded discovery. Furthermore, Plaintiff has failed to respond to Defendants present motion to dismiss. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to comply with this Court's Orders and rules and that this failure has caused substantial delay in a resolution of this case and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that the delay caused in this case is due to the intentional conduct of the Plaintiff. Therefore, this Court finds that this case should be dismissed without prejudice for Plaintiff's failure to prosecute.

SO ORDERED this the   13th   day of October, 2009.

                                              *s/ John M. Roper, Sr.*
                                       CHIEF UNITED STATES MAGISTRATE JUDGE